IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE #207584, ) | |
| ) | |
| Petitioner, ) | No. 3:15-cv-00715 |
| ) | |
| v. ) | CHIEF JUDGE SHARP |
| ) | |
| UNITED STATES ATTORNEY GENERAL ) | |
| and BRUCE WESTBROOKS, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Petitioner Mike Settle[1], an inmate serving a state sentence in the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a Petition for Writ of Mandamus under 28 U.S.C. § 1361, seeking an order requiring federal authorities to take him into custody immediately to begin serving his federal sentence in a federal prison.

Before the Court is Petitioner's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF 4.) In addition, the petition is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A. Application to Proceed as a Pauper**

A petition for the writ of mandamus under 28 U.S.C. § 1361, seeking to compel federal authorities to perform a duty allegedly owed to the petitioner, is "unquestionably civil in nature," *Futch v. Fed. Bureau of Prisons*, No. 12-5010, slip op. at 2 (6th Cir. Nov. 8, 2012) (holding inmate who filed petition for writ of mandamus liable for $350 filing fee

---
[1] According to the federal criminal judgment against him, Petitioner is also known as Michael Dewayne Settle, Michael Dewayne Cole and Michael Cole. (ECF 1-1, at 1.)

under PLRA), and "is a 'civil action' for purposes of the PLRA." *Martin v. Grimshaw*, 1983 F.3d 248 (table decision), 1999 WL 1021705 (6th Cir. Nov. 2, 1999) (rejecting argument that district court erred when it assessed full filing fee and dismissed petition for writ of mandamus for failure to prosecute upon non-payment).

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Petitioner's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (ECF 4) is **GRANTED**.[2]

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Petitioner is nonetheless assessed the $350.00 civil filing fee. The Warden of the Riverbend Maximum Security Institution, as custodian of Petitioner's prison trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Petitioner's credit at the jail; or (b) 20% of the average monthly balance to Petitioner's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Petitioner's preceding monthly income (or income credited to Petitioner for the preceding month), but only when Petitioner's monthly income exceeds $10.00. 28

---

[2] The Court is aware that Mr. Settle has filed approximately 40 actions in federal district courts in Tennessee and the Sixth Circuit – all unsuccessful to date – and has avoided significant filing fees and the 3-strikes provision of the PLRA, 28 U.S.C. § 1915(g), by characterizing the majority of his actions as petitions for the writ of *habeas corpus*. However, he has had at least two actions brought under 42 U.S.C. § 1983 dismissed for failure to state a claim. *See* W.D. Tenn. No. 1:10-1303 (order entered Aug. 26, 2011, ECF No. 17); E.D. Tenn. No. 3:11-0567 (order entered April 18, 2012, ECF No. 19). Both of those dismissals have been affirmed on appeal. Sixth Circuit Nos. 11-6107 (order entered July 6, 2012) and 12-5482 (order entered Nov. 9, 2012). However, because the dispositions of those appeals were merely affirmances, rather than dismissals or express findings that the appeals were frivolous, they do not count as "strikes" under the PLRA. *See Taylor v. First Medical Management*, 508 F. App'x 488, 494–95 (6th Cir. 2012).

U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this order to the Warden of the Riverbend Maximum Security Institution to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Petitioner is transferred from his present place of confinement, the Warden must ensure that a copy of this order follows Petitioner to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**B. Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The petition and supporting documents make clear Petitioner's 262 month federal sentence for being a felon in possession of a firearm was ordered to be served consecutively to his previous state sentence. (ECF 1-1, at 1–2.) Petitioner did not appeal that conviction or sentence, but has filed multiple unsuccessful challenges to his sentence, and particularly to its consecutive nature, pursuant to 28 U.S.C. §§ 2255 and 2241. *See*, *e.g.*, *Settle v. Bell*, No. 09-6023 (6th Cir. April 26, 2011) (holding that Settle's challenge to consecutive federal sentence relates to its imposition rather than its execution or manner of service and can only be brought under § 2255; § 2255 is not "inadequate or ineffective" for purposes of bringing § 2241 action simply because relief has been denied).

Petitioner's attempt to dictate his immediate transfer to federal custody before his expiration or release from his state sentence via the writ of mandamus must also fail. Because "[f]ederal and state authorities have broad discretion to determine the order in which a prisoner may serve his sentences," a petitioner seeking immediate transfer from state to federal prison cannot establish a clear right to relief, as required to warrant the extraordinary relief of a writ of mandamus. *United States v. Dotson*, 430 F. App'x 679, 683 (10th Cir. 2011); *see also Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) ("For there to be a duty owed to the plaintiff within the meaning of section 1361, there must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not owed.").

The Court notes that the petition contains references to alleged violations of Petitioner's constitutional rights in connection with allegedly inadequate mental health treatment and his long-term confinement in segregation at Riverbend Maximum Security

Institution. Both of those allegations have already been the topic of litigation in this Court that Petitioner expressly brought under 42 U.S.C. § 1983. *See Settle v. Schildkamp*, M.D. Tenn. No. 3:07-401. Accordingly, and because the current petition is explicit about being brought under 28 U.S.C. § 1361 and seeks only immediate transfer to federal custody, the Court declines to construe the current petition as a claim for relief under § 1983.

Accordingly, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Petitioner's motion (ECF 5) for appointment of counsel is **DENIED** as moot.

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court